# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00048-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| THOMAS C. WILSON ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to File Document and Attachments Under Seal Pursuant to WDNC Local Rule 55.1 [Doc. 97].

The Defendant, through counsel, moves the Court for leave to file a "Letter in Support of Leniency" and Attachments thereto [Doc. 96] under seal in this case. For grounds, counsel states that the letter and attachments thereto contain privileged communications, including information concerning the Defendant's pending civil legal matters, as well as medical evaluations. [Doc. 97].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on April 26, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492.

The Attachments to the letter [Doc. 96 at 3-8], however, appear to reflect the data supporting the conclusions in the letter. As such, these documents contain sensitive medical information of the nature that is ordinarily sealed and is not of such great importance to the arguments the Defendant makes herein. Thus, the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d at 492. Here, the Defendant's "Letter in Support of Leniency" [Doc. 96 at 1-2] is authored by an attorney representing the Defendant in a pending workers compensation case. [Id. at 2]. The letter in support contains information regarding the Defendant's pending worker compensation case, including general details of the Defendant's accident, resulting injuries, and impact on his abilities to return to work. [Id. at 1-2]. However, the letter in support is addressed to the Court and available to the Government. Thus, the Defendant fails to demonstrate how the attorney-client privilege is applicable to any portion of that letter. Further, the current status of Defendant's pending legal matters and medical issues were of relevance to the argument Defendant makes in favor for leniency. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant. See Harris, 890 F.3d at 492.

Having considered less drastic alternatives to sealing the Defendant's "Letter in Support of Leniency" [Doc. 96 at 1-2], the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's letter in support is feasible.

Accordingly, the Defendant's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Attachments [Doc. 96 at 3-8] under seal. However, the Defendant shall also file a publicly accessible version of the "Letter in Support of Leniency" [Doc. 96 at 1-2] redacting only those portions containing specific medical information of the nature that is ordinarily sealed, which are found in the letter of support at lines nine through eleven of the third paragraph on page 1.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to File Document and Attachments Under Seal Pursuant to WDNC Local Rule 55.1 [Doc. 97] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal is **GRANTED** to the extent that the Attachments [Doc. 96 at 3-8] shall be filed under seal and shall remain under seal until further Order of the Court. The Defendant's Motion to Seal [Doc. 97] is **DENIED** to the extent that the Defendant shall file a redacted version of the "Letter in Support of Leniency" [Doc. 96 at 1-2] on the public docket within five (5) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: May 19, 2019

Martin Reidinger
United States District Judge